# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private DAVID O. RAMIREZ, JR.**
**United States Army, Appellant**

ARMY 20100441

3rd Infantry Division and Fort Stewart
Tara A. Osborn, Military Judge
Colonel Jonathan C. Guden, Staff Judge Advocate (pretrial & addendum)
Lieutenant Colonel Shane E. Bartee, Acting Staff Judge Advocate (recommendation)

For Appellant:  Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Captain John L. Schriver, JA (on brief).

For Appellee:  Lieutenant Colonel Amber J. Roach, JA; Major Catherine L. Brantley, JA; Captain Michael J. Frank, JA (on brief).

12 April 2013

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of negligent homicide and endangering the welfare of a child, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (2006) [hereinafter UCMJ].  The military judge sentenced appellant to a dishonorable discharge and confinement for fifty-four months.  In accordance with a pretrial agreement, the convening authority only approved a sentence to a dishonorable discharge and confinement for four years.  Appellant was credited with seven days of confinement against his sentence to confinement.

Appellant raises three assignments of error for our review under Article 66, UCMJ, of which one merits discussion and relief.  Though we do not find any prejudice, we agree with appellant that excessive post-trial delay in the processing of this case warrants relief.

Appellant's general court-martial adjourned on 20 May 2010. The record of trial is 653 pages long. While the defense counsel did not make a specific request for speedy post-trial processing pursuant to *United States v. Moreno*, 63 M.J. 129 (C.A.A.F. 2006), she did highlight appellant's pending expiration of service (ETS) date in the Rule for Courts-Martial [hereinafter R.C.M.] 1105 matters, and the impact of the ETS on the military judge's clemency recommendation. The staff judge advocate (SJA) did not provide any explanation to the convening authority for the delay nor did he recommend any corrective action. On 23 February 2011, 279 days after the conclusion of trial, the convening authority took initial action. *See Moreno*, 63 M.J. at 142 (creating a presumption of unreasonable delay when more than 120 days elapse between the completion of the court-martial and the convening authority's action). The office of the SJA provided a post-trial affidavit in response to appellant's assignment of error alleging dilatory post-trial processing. The reasons for the delay included the untimely death of the civilian, senior court reporter, as well as the deployment of two military court reporters. The affidavit also states that the combined defense delay and the delay to authenticate the record of trial was 132 days.

On 13 April 2011, 49 days after action by the convening authority, the case was docketed at the U.S. Army Court of Criminal Appeals. *See id.* (creating a presumption of unreasonable delay when more than 30 days elapse between action and docketing of the case at the Court of Criminal Appeals). Review by defense appellate counsel was completed on 29 February 2012. The government appellate counsel submitted their brief to this court on 28 September 2012. Almost two years after the case was received, this court finished the review of appellant's record. *See id.* (creating a presumption of unreasonable delay when it takes longer than eighteen months to complete appellate review). The total time from completion of trial until the decision in this case is over 1,000 days.

Under Article 66(c), UCMJ, this court has the responsibility and the authority to assess the appropriateness of appellant's sentence in light of the presumptively unreasonable delay at each stage of the post-trial processing of his case. *See United States v. Toohey*, 63 M.J. 353, 362–63 (C.A.A.F. 2006); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002); *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000). Reviewing the entire record of trial, and in light of the particular circumstances of this case, we find a reduction of one month in the sentence to confinement appropriate.

**CONCLUSION**

On consideration of the entire record, and appellant's assigned errors, we hold the findings of guilty are correct in law and fact. Therefore, the findings of guilty are AFFIRMED. Based on the reasons outlined above, the court affirms only so much of the sentence as provides for a dishonorable discharge and confinement for

forty-seven months.  All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision, are ordered restored.  *See* UCMJ arts. 58b(c) and 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court